# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311 Honorable Marianne O. Battani |
| In Re: Occupant Safety Systems | |
| THIS DOCUMENT RELATES TO: All Direct Purchaser Actions | S:12-cv-00601-MOB-MKM **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: All Dealership Actions | S:12-cv-00602-MOB-MKM **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: All End Payor Actions | S:12-cv-00603-MOB-MKM **Oral Argument Requested** |

## TRW AUTOMOTIVE HOLDINGS CORP.'S
## MOTION TO DISMISS ALL CONSOLIDATED AMENDED COMPLAINTS

TRW Automotive Holdings Corp. ("Holdings"), by and through its counsel, Dykema Gossett PLLC, moves to dismiss all Complaints against Holdings, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Holdings states as follows:

1. On July 3, 2013, Plaintiffs filed the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (2:12-cv-00601, Doc # 65), the Dealership Plaintiffs' Consolidated Class Complaint (2:12-cv-00602, Doc # 55), and the End-Payors Plaintiffs' Consolidated Amended Class Action Complaint (2:12-cv-00603, Doc # 58) (collectively, the "CACs").

2.      Holdings bases this Motion upon Holdings' accompanying brief in support of its Motion and such other and further material as the Court may consider, including codefendants' briefs in support of their Joint Motions To Dismiss these CACs.

3.      As required by E.D. Mich. LR 7.1(a), counsel for Holdings, Howard B. Iwrey, sought concurrence from counsel for the Direct Purchaser, Automobile Dealership Plaintiffs and the End-Payor Plaintiffs on October 18, 2012, and during those three calls, counsel for Holdings explained the nature of the Motion and its legal bases and requested but did not obtain concurrence in the relief sought (dismissal of all complaints).

WHEREFORE, for the reasons stated herein, and in the accompanying brief in support, Holdings respectfully requests that all claims against Holdings be dismissed with prejudice.

|  |  |
|---|---|
| | /s/Howard B. Iwrey |
| | James P. Feeney (P13335) |
| | Howard B. Iwrey (P39635) |
| | Benjamin W. Jeffers (P57161) |
| | David J. Council (P73163) |
| | DYKEMA GOSSETT PLLC |
| | 39577 Woodward Avenue, Suite 300 |
| | Bloomfield Hills, MI 48304 |
| | 248 203-0526 |
| | Fax: 248-203-0763 |
| | jfeeney@dykema.com |
| | hiwrey@dykema.com |
| | bjeffers@dykema.com |
| | dcouncil@dykema.com |
| Dated:  October 21, 2013 | |
| | *Counsel for TRW Automotive Holdings Corp.* |

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311 Honorable Marianne O. Battani |
| In Re: Occupant Safety Systems | |
| THIS DOCUMENT RELATES TO: | S:12-cv-00601-MOB-MKM |
| All Direct Purchaser Actions | **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: | S:12-cv-00602-MOB-MKM |
| All Dealership Actions | **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: | S:12-cv-00603-MOB-MKM |
| All End Payor Actions | **Oral Argument Requested** |

**BRIEF IN SUPPORT OF TRW AUTOMOTIVE HOLDINGS CORP.'S
MOTION TO DISMISS ALL CONSOLIDATED AMENDED COMPLAINTS**

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether the Consolidated Amended Complaints filed by the Direct Purchaser Plaintiffs, the Dealership Plaintiffs and the End Payor Plaintiffs against TRW Automotive Holdings Corp. ("Holdings") - named solely in its capacity as the parent company of another Defendant, TRW Deutschland Holding GmbH - should be dismissed where these Consolidated Amended Complaints allege no direct role of Holdings in the alleged conspiracy nor provide a single factual assertion in support of any theory of liability that might justify piercing the corporate veil.

## <u>STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

- *In re Digital Music Antitrust Litig.*, 812 F.Supp.2d 390, 417 (S.D.N.Y 2011)

- *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663 (E.D. Pa. 2009)

- *Seasword v. Hilti, Inc.*, 537 N.W.2d 221 (Mich. 1995)

- *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.*,
    475 F. 3d 783 (6th Cir. 2007)

## TABLE OF CONTENTS

STATEMENT OF ISSUE PRESENTED ..........................................................................ii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY ....................iii

TABLE OF CASES .............................................................................................. v

INTRODUCTION ............................................................................................... 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT .................................................................................................... 4

I.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HOLDINGS .................4

    A.     Plaintiffs' Effort To Lump Holdings Together with TRW Deutschland Does
        Not Constitute An Allegation That Holdings Independently Joined Any
        Alleged Conspiracy..........................................................................................4

    B.     Plaintiffs Cannot Recover On A Vicarious Liability Theory For Alleged
        Acts Of TRW Deutschland Because Plaintiffs Failed To Plead Facts
        Sufficient To Pierce The Corporate Veil .......................................................6

        1.     The Standards For Piercing The Corporate Veil Are Very High............7

        2.     Plaintiffs Do Not Allege Any Facts Sufficient To Satisfy
            Their Burden Under These High Veil Piercing Standards......................9

            a. Plaintiffs have alleged conclusions, not facts..................................10

            b. Alleging "control" is not a replacement for alleging facts...............12

            c. Dismissing Holdings is consistent with this Court's prior rulings....................13

    CONCLUSION.............................................................................. 14

# TABLE OF CASES

**Page(s)**

CASES

*Associated Const. Serv's Corp. v. Commerce 8800 LLC*, No. 09-097554,
    2011 WL 3525415 (Mich. Ct. App. Aug. 11, 2011)..................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................2, 10

*Clark v. Bucyrus Int'l*,
    No. 5:08-cv-434- JHM, 2009 WL 2163117 (E.D. Ky. July 19, 2009) ...................................13

*Copperweld Corp. v. Independence Tube Corp.*,
    467 U.S. 752 (1984).....................................................................................4, 6

*Corrigan v. U.S. Steel Corp.*,
    478 F.3d 718 (6th Cir. 2007) ............................................................................7

*In re Automotive Parts Litig.*,
    No. 2:12-cv-100, 2013 WL 2456013 (E.D. Mich. June 6, 2013) ...................................13, 14

*In re California Title Ins. Antitrust Litig.*,
    No. 08-01341, 2009 WL 1458025 (N.D. Cal. May 21, 2009)........................................11, 12

*In re Currency Conversion Fee Antitrust Litig.*,
    265 F. Supp. 2d 385 (S.D.N.Y. 2003)....................................................................13

*In re Digital Music Antitrust Litigation*
    812 F.Supp.2d 390 (S.D.N.Y. 2011)......................................................................10

*In re Penn. Title Ins. Antitrust Litig.*,
    648 F. Supp. 2d 663 (E.D. Pa. 2009) ...........................................................4, 5, 7, 11

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ..................................................................5

*Invamed, Inc. v. Barr Laboratories, Inc.*,
    22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998) ...............................................................6

*Jung v. Ass'n of American Medical Colleges*,
    300 F. Supp. 2d 119 (D.D.C 2004) .....................................................................4, 5

*McCray v. Fidelity Nat'l Title Ins. Co.*,
    636 F. Supp. 2d 322 (D. Del. 2009).....................................................................5, 6

*Oliver v. St. Luke's Dialysis, LLC*,
　　No. 1:10-cv-2667, 2011 WL 1326251 (N.D. Ohio Apr. 5, 2011) ...........................................12

*Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd.*,
　　08-CV-42 (E.D.N.Y. Jan. 4, 2011), ECF No. 468,
　　*adopted and endorsed*, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012) .................................4, 5

*Pureworks, Inc. v. Brady Corp.*,
　　No. 3:09-cv-00983, 2010 WL 3724229 (M.D. Tenn. Sept. 15, 2010) ....................................12

*Schwartz v. Elec. Data Sys., Inc.*,
　　913 F.2d 279 (6th Cir. 1990) .................................................................................................7

*Seasword v. Hilti, Inc.*,
　　537 N.W.2d 221 (Mich. 1995) ...............................................................................................8

*Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.*,
　　475 F. 3d 783 (6th Cir. 2007) ................................................................................................8

*Sudden Service, Inc. v. Brockman Forklifts, Inc.*,
　　647 F. Supp. 2d 811 (E.D. Mich. 2008) ..............................................................................9, 10

*Transition Healthcare Assocs., Inc. v. Tri-State Health Investors, LLC*,
　　306 F. App'x 273 (6th Cir. 2009) .......................................................................................7, 10

*U.S. v. Cordova Chem. Co. of Michigan*,
　　113 F.3d 572 (6th Cir. 1997), *rev'd on other grounds sub nom*
　　*U.S. v. Bestfoods*, 524 U.S 51. ...........................................................................................7, 8

*United States v. Bestfoods*,
　　524 U.S. 51 (1998) .......................................................................................................6, 7, 10

## STATUTES

Sherman Act, 15 U.S.C. § 1 .................................................................................................2, 7, 11

## COURT DOCUMENTS

Information, *U.S. v. TRW Deutschland Holding GmbH*,
　　Case No. 12-20491 (E.D. Mich. July 30, 2012) .....................................................................2

Plea Agreement, *U.S. v. TRW Deutschland Holding GmbH*,
　　Case No. 12-20491 (E.D. Mich. Sept. 25 2012) .....................................................................2

## INTRODUCTION

This is a narrow motion on a simple question: whether the claims against one of the Defendants - named solely in its capacity as the parent company of another Defendant - should be dismissed where the Consolidated Amended Complaints ("CACs") allege no direct role of that parent company in the conspiracy nor provide a single factual assertion supporting an "alter ego" theory of liability or any theory that could justify piercing the corporate veil.

Direct Purchaser Plaintiffs ("DPPs") and two classes of Indirect Purchaser Plaintiffs - Auto Dealership Plaintiffs ("ADPs") and End Payor Plaintiffs ("EPPs") (referred to jointly as "IPPs;" all together, with DPPs, referred to as "Plaintiffs") - have sued both TRW Automotive Holdings Corp. ("Holdings") and TRW Deutschland Holding GmbH ("TRW Deutschland"). This motion relates solely to Holdings, the corporate parent, which is merely a holding company; Plaintiffs do not directly allege that Holdings itself manufactures or sells Occupant Safety Restraint Systems ("OSS") products.[1]

All claims against Holdings should be dismissed because Plaintiffs have not alleged that Holdings directly and independently joined in the alleged conspiracy.  Instead, Plaintiffs improperly attempt to bring Holdings into this litigation *solely* because of Holdings' capacity as the parent company of TRW Deutschland.  It is well-settled in this Circuit, however, that a parent company does not have vicarious liability for the acts of a subsidiary, particularly where (as here) the subsidiary that is actually alleged to have engaged in the relevant conduct is present in the case, allowing the plaintiffs to seek any relief to which they are entitled from that company.

---

[1]  Both Holdings and TRW Deutschland join in the joint motions to dismiss the DPPs' and IPPs' CACs.

Likewise, it is well-settled that for Plaintiffs to pierce the corporate veil and pursue claims against Holdings, they must plead *factual allegations* that plausibly support such a theory - not mere conclusory assertions.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiffs do not - and cannot - assert a single fact to support any of the factors that courts review when considering whether to pierce the corporate veil to impute a subsidiary's liability to a parent.  Accordingly, Plaintiffs' conclusory claims against Holdings should be dismissed.

## STATEMENT OF FACTS

Holdings is simply that - a holding company.  Plaintiffs do not and cannot directly allege that Holdings manufactures or sells any OSS products.  *See* DPP CAC ¶ 26; ADP CAC ¶ 106; EPP CAC ¶ 72.  Holdings' 2011 Annual Report, which is relied upon in the CACs (*see* DPP CAC ¶ 81; ADP CAC ¶ 163; EPP CAC ¶ 109), states that Holdings is simply "a holding company without any independent operations."  Holdings' 2011 Annual Report at 85, *available at http://files.shareholder.com/downloads/TRW/2612593818x0x556086/A3F5783D-D2FC-4832-AD72-B1BBF1F1D147/TRW_2011_Annual_Report.pdf.*  One of Holdings' indirect subsidiaries, Germany-based TRW Deutschland, is alleged in the CACs to have engaged in anticompetitive conduct that affected prices of OSS products in the United States and elsewhere.  *See* DPP CAC ¶¶ 87-89; ADP CAC ¶¶ 9, 172; EPP CAC ¶¶ 122.  Plaintiffs' allegations are based on TRW Deutschland's guilty plea to one count of violating the Sherman Act, 15 U.S.C. § 1.  *See id.*; *see also* Information, *U.S. v. TRW Deutschland Holding GmbH*, Case No. 12-20491 (E.D. Mich. July 30, 2012), ECF No. 1 [Exh. A]; Plea Agreement, *U.S. v. TRW Deutschland Holding GmbH*, Case No. 12-20491 (E.D. Mich. Sept. 25, 2012), ECF No. 4 [Exh. B].

The CACs contain no allegations that Holdings itself participated in the conspiracy, and for good reason: the guilty plea and charging documents on which Plaintiffs rely do not mention a single instance of conduct by Holdings.  To the contrary, they describe only conduct that

2

occurred in <u>Germany</u>, for sales to two <u>German</u> manufacturers.  *See*, *e.g.*, Information at ¶ 11 (specifying that only "[TRW Deutschland], through its employees, including high level employees of its wholly owned subsidiaries," engaged in the alleged conspiracy, that meetings took place in Germany, and alleging no conduct outside of Germany).  In fact, the Information and Plea Agreement specifically ***exclude*** the parent companies of TRW Deutschland by referring only to TRW Deutschland and TRW Deutschland's subsidiaries, and imparting no culpability to the parent Holdings.  *See*, *e.g.*, Information ¶ 9 ("From January 2008 until at least June 2011, the exact dates being unknown to the United States, Defendant [TRW Deutschland], through its employees, including high level employees of its wholly-owned subsidiaries, and its co-conspirators participated in a combination and conspiracy…").  Likely for this reason, Plaintiffs provide no factual allegations related to any direct and independent actions on the part of Holdings.

Nonetheless, each CAC attempts to impermissibly establish liability against Holdings solely on the theory that (at best) Holdings controlled and directed TRW Deutschland.  In particular, the CACs allege as follows:

- DPPs allege that (a) TRW Deutschland "is a subsidiary of and wholly-owned and controlled by [Holdings]," (b) "during the Class Period, [TRW Deutschland's] activities were under the control and direction of [Holdings]," and (c) the "acts alleged in this complaint to have been done by . . . TRW Deustchland were authorized, ordered, and condoned by [its] parent compan[y]." DPP CAC ¶¶ 27, 30.

- ADPs allege that "TRW [Deutschland] is a subsidiary of and wholly-owned and/or controlled by [Holdings]," and that "[a]t all times during the Class Period, [TRW Deutschland's] activities were under the control and direction of [Holdings], which controlled its policies, sales, and finances." ADP CAC ¶ 107.

- The EPPs' CAC contains no allegations whatsoever regarding the corporate relationship between Holdings and TRW Deutschland, and contains no other allegations upon which relief could be granted against Holdings.

As discussed below, the allegations in each CAC are insufficient as a matter of law to support Plaintiffs' claims against Holdings.

## ARGUMENT

I.   **PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HOLDINGS.**

   A.   **Plaintiffs' Effort To Lump Holdings Together With TRW Deutschland Does Not Constitute An Allegation That Holdings Independently Joined Any Alleged Conspiracy.**

As an initial matter, Plaintiffs have not alleged that Holdings has direct liability as an active and independent participant in the conspiracy. "[P]laintiffs do not need to couch their allegations [regarding the existence of a conspiracy] defendant-by-defendant, but they do need to allege that each individual defendant joined the conspiracy and played some role in it." Rep. & Rec., *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd.*, 08-CV-42 (E.D.N.Y. Jan. 4, 2011), ECF No. 468, at 30 [Exh. C] ("*Freight Forwarding*") (citing *Jung v. Ass'n of American Medical Colleges*, 300 F. Supp. 2d 119, 164 (D.D.C 2004)), Rep. & Rec. adopted and endorsed in full, 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012) (discussing and denying plaintiffs' objections to the Rep. & Rec. on this point). Thus, even if the complaint, read as a whole, establishes the existence of a conspiracy, plaintiffs still must meet this further pleading requirement with respect to each individual defendant. *Jung*, 300 F. Supp. 2d at 164.

Even assuming the existence of sufficient allegations that a subsidiary corporation joined in a conspiracy to restrain trade, the complaint is still insufficient as a matter of law with respect to the parent corporation absent specific allegations that "establish[] the parent corporation['s] direct and independent participation in the alleged conspiracy." *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 688 (E.D. Pa. 2009) (citations omitted) (confirming that this conclusion is supported by settled Supreme Court doctrine in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)). "Thus, for the plaintiffs to aver sufficient facts to state a

4

claim against a parent corporation they must aver facts sufficient to infer either direct involvement or some reason to pierce the corporate veil." *McCray v. Fidelity Nat'l Title Ins. Co.*, 636 F. Supp. 2d 322, 334 (D. Del. 2009). Here, Plaintiffs have failed in both regards.

Even assuming that Plaintiffs have sufficiently alleged the existence of an antitrust conspiracy generally, Plaintiffs have clearly failed to allege that Holdings individually and separately from TRW Deutschland "joined the conspiracy and played some role in it." *Jung,* 300 F. Supp. 2d at 164. Instead, Plaintiffs attempt to disregard the corporate separateness of Holdings and TRW Deutschland by improperly lumping the two companies together in their Complaint, stating that "[TRW Deutschland] and [Holdings] are collectively referred to as "TRW," s*ee* DPP CAC ¶ 28, ADP CAC ¶ 108, and then asserting that a lumped-together "TRW" entered into an agreement. Plaintiffs also couch all allegations against "Defendants" without any allegations that Holdings itself joined the alleged conspiracy. *See generally* EPP CAC (containing no specific allegations as to the conduct of Holdings).

Plaintiffs are not permitted to escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by grouping a number of defendants together as corporate families or simply as defendants. *See Freight Forwarding* at 28-41 (concluding that dismissal was required because "plaintiffs' method of 'lumping' or 'grouping' corporate families impermissibly ignore[d] corporate separateness"; plaintiffs choosing "to define certain defendants in the definition section of the Complaint and then refer[ring] to them in subsequent allegations by reference to a defined corporate entity or to 'defendants' generally" failed to meet basic pleading requirements)); *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d at 688-89 (dismissing claims where plaintiffs had improperly lumped defendants together by corporate family); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 586 F. Supp. 2d 1109, 1115, 1117

(N.D. Cal. 2008) (same, with respect to grouping as corporate families or "defendants"); *Invamed, Inc. v. Barr Laboratories, Inc.* 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998) (dismissal required where there are no allegations that a parent corporation acted at all, outside of allegations of collective "defendants" generally). Plaintiffs have made no attempt to satisfy this standard as they have not alleged any independent action on the part of Holdings.

As noted above, this deficiency is not merely a technical pleading failure. This is because Plaintiffs cannot allege (consistent with Rule 11) that Holdings actually did any of the things alleged in the CACs. In particular, Holdings does not manufacture or sell any OSS Products. And the guilty plea that forms the basis for the allegations against TRW Deutschland specifically omits inclusion of Holdings. Accordingly, Plaintiffs' claims against Holdings may survive only if there is some basis to impute the alleged acts of TRW Deutschland to Holdings. As discussed below, there is no such basis.

> **B.    Plaintiffs Cannot Recover On A Vicarious Liability Theory For Alleged Acts Of TRW Deutschland Because Plaintiffs Failed To Plead Facts Sufficient To Pierce The Corporate Veil.**

Because Plaintiffs have not even attempted to allege independent conduct as a basis for liability against Holdings, Plaintiffs must plead factual allegations sufficient to pierce the corporate veil such that Holdings could be held vicariously liable for the alleged acts of TRW Deutschland. *See McCray,* 636 F. Supp. 2d at 334 (quoted *supra*, recovery only allowable against parent corporation for direct, independent acts or by piercing the corporate veil). As set forth below, Plaintiffs fail to allege any facts that would meet the high standard to pierce the corporate veil.

It is axiomatic that the mere fact that there exists a parent-subsidiary relationship between two corporations does not make the parent liable for the torts of its affiliate. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotations and citations omitted). It is obvious that every

parent corporation has control over a wholly owned subsidiary.  *See, e.g., Copperweld,* 467 U.S. at 771-72 (explaining that "the parent may assert full control at any moment if the subsidiary fails to act in the parent's best interests").  Nonetheless, with few exceptions discussed below, none of which is applicable here, a parent corporation "is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." *Transition Healthcare Assocs., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 280 (6th Cir. 2009) (citing *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir. 2007)).  Thus, it is insufficient as a matter of law for Plaintiffs merely to allege that Holdings owns and controls TRW Deutschland. *See Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990); *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d at 687 ("plaintiffs can not [sic] rely merely on the parents' ownership interest in their respective subsidiaries to sustain a §1 claim against parent defendants").

Therefore, unless Plaintiffs can allege one of the special circumstances discussed below to support piercing the corporate veil - which Plaintiffs have not done and cannot do - the CAC must be dismissed relative to Holdings.

### 1.    The Standards For Piercing The Corporate Veil Are Very High.

Michigan's standard for piercing the corporate veil should be applied to both the state and federal law claims currently before this Court.  *See, e.g., Corrigan*, 478 F.3d at 723 (as to state law claims, explaining that, as a result of *Erie* doctrine, "[w]hen the success of a state law claim brought in federal court under diversity jurisdiction is dependent on piercing the corporate veil, this question of substantive law is governed by the law of the state in which the federal court sits") (citations omitted); *U.S. v. Cordova Chem. Co. of Michigan*, 113 F.3d 572, 580 (6th Cir. 1997) (as to federal law claims, noting that "[w]hether the circumstances in this case warrant a

piercing of the corporate veil will be determined by state law"), *rev'd on other grounds sub nom U.S. v. Bestfoods*, 524 U.S. at 63.

Under Michigan law, "[i]t is a well-recognized principle that separate corporate entities will be respected." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995) (citing *Wells v. Firestone*, 364 N.W.2d 670 (1984). Plaintiffs must demonstrate "patent abuse of the corporate form in order to pierce the corporate veil. There must be such a unity of interest and ownership that the separate personalities of the corporation and its owner cease to exist, and the circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Cordova Chem.*, 113 F.3d at 580 (citations omitted); *see Seasword*, 537 N.W.2d at 224 (Mich. 1995) (the corporate veil "may be pierced only where an otherwise separate corporate existence has been used to 'subvert justice or cause a result that [is] contrary to some other clearly overriding public policy'") (quoting *Wells*, 364 N.W.2d at 674). As the Sixth Circuit recently summarized, "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.*, 475 F. 3d 783, 798 (6th Cir. 2007) (citing *Foodland Distributors v. Al-Naimi*, 559 N.W.2d 379 (Mich. Ct. App. 1996)).

In addition to the standards above, Michigan courts also refer to federal common law factors as further guidance on whether veil piercing may be appropriate. *See Associated Const. Serv's Corp. v. Commerce 8800 LLC*, No. 09-097554, 2011 WL 3525415, at * 2 (Mich. Ct. App. Aug. 11, 2011) [Exh. D] (identifying the factors as: "(1) whether the corporation is undercapitalized, (2) whether separate books are kept, (3) whether there are separate finances for the corporation and the individual, (4) whether the corporation is used for fraud or illegality, (5)

8

whether corporate formalities have been followed, and (6) whether the corporation is a sham"). This Court has also applied those factors in deciding whether to pierce the corporate veil based on claims arising under Michigan law. *See Sudden Service, Inc. v. Brockman Forklifts, Inc.*, 647 F. Supp. 2d 811, 819 (E.D. Mich. 2008) (Battani, J.) (citing *In re Michigan Carpenters Council Health and Welfare Fund*, 933 F.2d 376, 385 n. 6 (6th Cir. 1991)).

As discussed below, Plaintiffs do not and cannot offer any allegations that come close to satisfying any of these factors.

### 2. Plaintiffs Do Not Allege Any Facts Sufficient To Satisfy Their Burden Under These High Veil-Piercing Standards.

The CACs do not contain a single factual allegation to support any of the factors that warrant disregarding the corporate form. There are no allegations that: (a) Holdings or its shareholders failed to respect the separate identity of TRW Deutschland or otherwise patently abused the corporate structure; (b) Plaintiffs will suffer an injustice if the alleged direct actor, TRW Deutschland, remains a defendant without its corporate parent; or (c) there was fraudulent intent on the part of the incorporators with respect to the corporate identity of TRW Deutschland.

Nor do the CACs allege any of the additional factors considered by courts in this Circuit. There are no allegations that: (i) subsidiary TRW Deutschland is undercapitalized; (ii) subsidiary TRW Deutschland does not keep separate books or separate its finances from Holdings; (iii) parent Holdings *used* the separate corporate form of TRW Deutschland for illegal or fraudulent purposes; or (iv) subsidiary TRW Deutschland is a sham. In fact, TRW Deutschland was the entity that pled guilty to collusive conduct in the sale of OSS products to two German OEM customers and paid the fine to the United States of America. There are simply no allegations that TRW Deutschland is not ready and able to satisfy any judgment against it (although it denies any liability to Plaintiffs).

9

a.     Plaintiffs have alleged conclusions, not facts.

Courts analyzing this issue in the antitrust context have held that specific factual allegations, not mere conclusory statements, must exist in order to support antitrust claims against a parent.  For example, just as in this case, the complaint in *In re Digital Music Antitrust Litigation* alleged that the parent companies maintained "ownership interests" in the subsidiary defendants allegedly engaged in conspiratorial conduct in the music industry, but failed to provide factual allegations supporting any of the factors considered by the courts when determining whether to disregard the corporate form.  *See* 812 F.Supp.2d 390, 417 (S.D.N.Y 2011).  Assessing both the *Twombly* pleading requirements and governing law on respecting the corporate form, the court granted the parent company defendants' motion to dismiss, citing the complaint's failure to "allege a basis to disregard the separate corporate forms of these entities and impose liability on the Parent Companies."  *Id*.  The court explained that - just as in this case - the lack of any factual allegations that the corporate parents "misused the corporate form, disregarded corporate formalities, comingled funds, or otherwise misused the separate identities of the entities" required dismissal of the claims against the parent companies.  *Id.*

The factual allegations required by *Twombly* are particularly important in this context, because the standard for piercing a corporate veil is so high.  *Bestfoods*, 524 U.S. at 61; *Transition Healthcare Assocs., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 280 (6th Cir. 2009).  And yet Plaintiffs offer no *factual allegations* plausibly suggesting a reason to disregard the separate corporate forms of Holdings and TRW Deutschland.  Plaintiffs instead rely on *conclusory labels* of ownership and control which come nowhere close to satisfying the pleading standard set forth in *Twombly*.  Such factual allegations are particularly important because the standard for piercing a corporate veil is so high.  *Bestfoods*, 524 U.S. at 61;

*Transition Healthcare Assocs., Inc. v. Tri-State Health Investors, LLC*, 306 F. App'x 273, 280 (6th Cir. 2009).

Indeed, numerous cases have held that allegations in the antitrust pleading context, that are nearly identical to, or even more specific than, those contained in the CACs here, were insufficient to allow plaintiffs to pierce the corporate veil and required dismissal. *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d at 688, held that nearly identical allegations, which stated that corporate parents gave their "assent and approval" to their respective subsidiaries' conduct and that they had "ownership and control" of those subsidiaries, were insufficient to state a claim against the alleged *controlling* entity. The court held that it is well settled that "'circumstances … typical of any parent and subsidiary' do not constitute 'specific [allegations] of coordinated activity' between a parent and a subsidiary sufficient for § 1 liability." *Id.* at 689 (quoting *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 857, n12 (10th Cir. 1999)). Thus, the court held that even viewing plaintiffs' allegations of "'approval and assent' and 'ownership and control' in a light most favorable to plaintiffs . . . these allegations amount to nothing more than conduct 'typical of any parent and subsidiary.'" *Id.* The court found that plaintiffs' failure to meet the pleading standards warranted dismissal of surviving claims for both damages (which was also barred by the filed rate doctrine) and injunctive relief (which was not so barred). *Id.* at 685, 686, 689. Here, Plaintiffs' allegations about Holdings' supposed ownership and control over TRW Deutschland describe nothing more than the relationship typical of any parent and subsidiary, and therefore those allegations fail to justify piercing the corporate veil.

Likewise, in *In re California Title Ins. Antitrust Litig.*, No. 08-01341, 2009 WL 1458025, at *8 (N.D. Cal. May 21, 2009) [Exh. E], the court held that even more specific allegations, which stated that each of the parent corporations "wholly owns and controls its affiliates and

subsidiaries," that each parent corporation did business in the location "through" those subsidiaries, that each of the subsidiaries "engaged in the conduct challenged here with the approval" of the parent corporation, and that "[e]ach defendant acted as the principal, agent or joint venture of, or for, other defendants with respect to the acts, violations and common course of conduct alleged by Plaintiffs" were insufficient as a matter of law to state a claim against the parent corporations.  The court reasoned that with these allegations, "plaintiffs [did] not attempt to allege any facts to show that the parent corporations knew what their subsidiaries were doing," instead relying on bare legal conclusions couched as fact, and ordered plaintiffs to set forth additional facts in an amended complaint in order for their claims against parent corporations to survive.  *Id.*  Plaintiffs' allegations here are similarly defective in that they failed to allege any facts that show Holdings was aware of what TRW Deutschland was allegedly doing with respect to the challenged conduct.  Indeed, TRW Deutschland's guilty plea is limited to its actions in Germany, and does not include or even mention Holdings.

        **b.**    <u>Alleging "control" is not a replacement for alleging facts.</u>

In addition, Plaintiffs' allegations that TRW Deutschland's actions were under the direction and control of Holdings, or otherwise authorized, ordered, and condoned by Holdings, are insufficient to meet Plaintiffs' pleading obligation.  It is beyond debate that an allegation of mere "ownership and control" of a subsidiary is not enough to pierce the corporate veil.  *See e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426-27 (dismissing claims against holding companies for the alleged acts of their wholly owned subsidiaries based on allegations that the holding companies exercised "dominion and control" over their subsidiaries); *accord Pureworks, Inc. v. Brady Corp.*, No. 3:09-cv-00983, 2010 WL 3724229, at *10 (M.D. Tenn. Sept. 15, 2010) [Exh. F] (allegation that a parent company "was exercising complete

dominion over its subsidiaries and was using such control to commit the wrongful acts alleged above, and [plaintiff] has been injured as a result," was a legal conclusion presented as factual allegation, inadequate to plead a veil piercing claim); *Oliver v. St. Luke's Dialysis, LLC*, No. 1:10-cv-2667, 2011 WL 1326251, at *6 (N.D. Ohio Apr. 5, 2011) [Exh. G] (dismissing complaint where no allegations "would justify holding Defendants . . . liable for the alleged wrongdoing of their subsidiary"); *Clark v. Bucyrus Int'l*, No. 5:08-cv-434- JHM, 2009 WL 2163117, at *2 (E.D. Ky. July 19, 2009) [Exh. H] (dismissing claims for alleged wrongs of a parent's subsidiary where the "Complaint provides nothing more than a formulaic recitation of the elements necessary for a claim that seeks to pierce the corporate veil").  As a result, Plaintiffs' allegations against Holdings fall short under these standards as well.

### c.    Dismissing Holdings is consistent with this Court's prior rulings.

Finally, it should also be noted that this Court's opinion and order Denying TRAM, Inc.'s and Tokai Rika Co., Ltd.'s Motion to Dismiss does not dictate a contrary result as to Holdings. *See* Order Op. and Order Denying TRAM, Inc.'s and Tokai Rika Co., Ltd.'s Motion to Dismiss, *In re Automotive Parts Litig.*, No. 2:12-cv-100, 2013 WL 2456013, at *2-3 (E.D. Mich. June 6, 2013) ("*AWH (TR)*") [Exh. I].  In denying the motion to dismiss by the parent and subsidiary, this Court relied on allegations that both were market participants, the fact that there was "further support of the relationship between the two inasmuch as TR [the *parent*] pleaded guilty to conduct that occurred at TRAM [the *subsidiary*]," and that Tokai Rika - the parent company that pleaded guilty - may have obstructed justice by destroying evidence related to its own participation, or that of its subsidiary, in the alleged conspiracy. *Id.* at 2-3.  Here, Holdings is decidedly not a market participant, because it is a mere holding company that does not manufacture or sell OSS products.  In addition, unlike the parent in *AWH (TR)*, the parent

13

company here (Holdings), did not plead guilty.  Furthermore, there were no allegations that the conduct to which the *subsidiary*, TRW Deutschland, pleaded guilty occurred at Holdings, the *parent*; rather, as noted earlier, the guilty plea by TRW Deutschland related solely to sales by TRW Deutschland and TRW Deutschland's subsidiaries to two German manufacturers.  Indeed, Holdings' involvement in the alleged conspiracy is not rendered plausible by virtue of the guilty plea of its subsidiary, TRW Deutschland, which did not even reference Holdings.  As this Court has already observed, a court cannot "presume that a parent company participates in every decision or action of its subsidiary." *Id.* at 3 (citation omitted).

## CONCLUSION

For the foregoing reasons, Defendant Holdings respectfully requests that this Court grant its motion to dismiss.

|  | /s/Howard B. Iwrey |
|---|---|
|  | James P. Feeney (P13335) |
|  | Howard B. Iwrey (P39635) |
|  | Benjamin W. Jeffers (P57161) |
|  | David J. Council (P73163) |
|  | DYKEMA GOSSETT PLLC |
|  | 39577 Woodward Avenue, Suite 300 |
|  | Bloomfield Hills, MI 48304 |
|  | 248 203-0526 |
|  | Fax: 248-203-0763 |
|  | jfeeney@dykema.com |
|  | hiwrey@dykema.com |
|  | bjeffers@dykema.com |
|  | dcouncil@dykema.com |
| Dated:  October 21, 2013 | *Counsel for TRW Automotive Holdings Corp.* |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 21, 2013, I electronically filed the foregoing paper with

the Clerk of the Court using the ECF system which will forward a copy via email to all counsel

of record.

|  |  |
|---|---|
|  | /s/Howard B. Iwrey<br>James P. Feeney (P13335)<br>Howard B. Iwrey (P39635)<br>Benjamin W. Jeffers (P57161)<br>David J. Council (P73163)<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>248 203-0526<br>Fax: 248-203-0763<br>jfeeney@dykema.com<br>hiwrey@dykema.com<br>bjeffers@dykema.com<br>dcouncil@dykema.com |
| Dated:  October 21, 2013 | *Counsel for TRW Automotive Holdings Corp.* |