# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| | Case No. 12-cv-00602 |
| PRODUCT(S): | |
| OCCUPANT SAFETY RESTRAINT SYSTEMS | |
| This Document Relates to: | Hon. Marianne O. Battani |
| ALL DEALERSHIP ACTIONS | |

**Order Granting Dealership Plaintiffs'
Motion for Preliminary Approval of Settlement
with TRW Defendants and Provisional
<u>Certification of a Settlement Class</u>**

Upon consideration of Dealership Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants TRW Deutschland Holding GmbH and TRW Automotive Holdings Corp. (together, "TRW"), and Provisional Certification of a Settlement Class (the "Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **Granted.**

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

**Class Certification**

3. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the

1

Settlement Class, subject to final approval at a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All automobile dealers from January 1, 2003 through the Execution Date who: (1) indirectly purchased one or more Occupant Safety System(s) for resale as a replacement part, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant or (2) purchased for resale a new vehicle in the United States which included one or more Occupant Safety Restraint Systems as a component part, which were manufactured or sold by any Defendant, any current or former subsidiary of a Defendant or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal government entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Occupant Safety Restraint Systems directly or for personal or business use.

5. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Dealership Plaintiff Class representatives' claims present common issues of law and fact and are typical of the Settlement Class; (c) Dealership Plaintiff Class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any

individual issues affecting the members of the Settlement Class.  The Court further finds that Dealership Plaintiff Class representatives' interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

### Appointment of Settlement Class Counsel

6.   The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, Larson • King, LLP, and Barrett Law Group, P.A. as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7.   Each Dealership Plaintiff Class representative named in the Complaint will serve as Dealership Plaintiff Class representative on behalf of the Settlement Class.

### Notice to Potential Class Members

8.   Prior to the Fairness Hearing, Settlement Class Counsel shall utilize the best available means of providing notice of the Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.  Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims and distribution ("Notice Motion").

9. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice, consistent with the Settlement Agreement. The date on which the notice is mailed shall be the "Notice Date."

10. Notice to members of the Settlement Class, except statutory notice required to be given by TRW pursuant to 28 U.S.C. § 1715, shall be the responsibility of Settlement Class Counsel.

### Other Provisions

11. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Dealership Plaintiffs, TRW, or the members of the Settlement Class.

12. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

13. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 1.468B-1 and the Treasury Regulations promulgated thereunder, and retains

continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

14. The litigation against TRW is stayed except as specifically set forth in the Settlement Agreement.

IT IS SO ORDERED

Date:  October 10, 2014                                s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       United States District Judge