IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Hon. Marianne O. Battani |
| IN RE: OCCUPANT SAFETY RESTRAINT SYSTEMS | : : : : | 2:12-cv-00602-MOB-MKM |
| THIS DOCUMENT RELATES TO: ALL AUTOMOBILE DEALER ACTIONS | : : : : | |

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN AUTOMOBILE DEALERS AND AUTOLIV, INC., AUTOLIV ASP, INC., AUTOLIV B.V. & CO. KG, AUTOLIV SAFETY TECHNOLOGY, INC. AND AUTOLIV JAPAN LTD. AND ENTERING DISMISSAL WITH PREJUDICE AS TO AUTOLIV, INC., AUTOLIV ASP, INC., AUTOLIV B.V. & CO. KG, AUTOLIV SAFETY TECHNOLOGY, INC. AND AUTOLIV JAPAN LTD.**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Automobile Dealer Plaintiffs ("Plaintiffs") and Defendants Autoliv, Inc., Autoliv ASP, Inc., Autoliv B.V. & Co. KG, Autoliv Safety Technology, Inc. and Autoliv Japan Ltd. ("Autoliv") set forth in the Settlement Agreement ("Agreement"), dated May 30, 2014, relating to the above-captioned action (the "Litigation"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final

adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefore, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Court has jurisdiction over the subject matter of this Litigation, and all actions within this Litigation and over the parties to the Agreement, including all members of the Occupant Safety Restraint Systems Settlement Class (the "Settlement Class").

2. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Federal Rule of Civil Procedure ("Rule") 23.

4. Pursuant to Rule 23(g), Class Counsel, previously appointed by the Court (Mantese Honigman, P.C., Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP), are appointed as Counsel for the Settlement Class. These firms have, and will, fairly and competently represent the interests of the Settlement Class.

5. The Court hereby dismisses on the merits and with prejudice all individual and class claims asserted against Autoliv, with Plaintiffs and Autoliv to bear their own costs and attorneys' fees except as provided herein.

6. All persons and entities who are Releasors or who purport to assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Autoliv Releasees, in this or any other jurisdiction, any and all claims, causes of action or

lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

7.  The Autoliv Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8.  Neither the Agreement, nor any act performed or document executed pursuant to any of the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

9.  The notice given to the Settlement Class of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.  Notwithstanding the above, the Court may require additional notice as may be dictated by its ruling on the Motion to Enforce Stay of Proceedings (Doc. #7) in the matter captioned *Rush Truck Centers of Arizona, Inc. et al. v. TRW Automotive Holdings Corp*. et al., (Case No. 15-cv-12050-MOB-MKM).

10. No person or entity has requested exclusion from the Settlement Class.

11. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any

application for incentive awards for the Automobile Dealer Plaintiffs; (e) the distribution of the settlement proceeds or additional notice to members of the Settlement Class; and (f) requiring additional notice as set forth in Paragraph 11 above.

12. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Order and Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void and the parities shall be returned to their respective positions ex ante.

13. Autoliv has agreed, but is not so ordered, for a period of 24 months from the date of the entry of final judgment not to engage in conduct that constitutes a per se violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of any Occupant Safety Restraint Systems.

14. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.

15. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including Autoliv, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority in support of any motion to certify any class.

16. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Date: November 19, 2015     s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 7, 2015.

s/ Kay Doaks
Case Manager