# <u>EXHIBIT 1</u>

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11375 (BLS)<br>Jointly Administered |

## STIPULATION AND SETTLEMENT AGREEMENT RESOLVING PROOF OF CLAIM NO. 3558

This Stipulation and Settlement Agreement ("Agreement") is made and entered into this 27th day of November 2018 ("Execution Date") by and between Joseph J. Farnan, Jr., solely as Trustee (the "Trustee") of the Reorganized TK Holdings Trust (the "Trust"), and Automobile Dealership Plaintiffs ("Automobile Dealership Plaintiffs" and together with the Trust, the "Parties"), both individually and on behalf of a class of indirect purchasers of Occupant Safety Restraint Systems ("Settlement Class"), as more particularly defined in Paragraph 12 below.

### RECITALS

WHEREAS, Automobile Dealership Plaintiffs are prosecuting the cases *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) (the "MDL Litigation") and Case No. 2:12-cv-00602 (E.D. Mich.) (the "Action") on their own behalf and on behalf of the Settlement Class;

---

[1] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

WHEREAS, Automobile Dealership Plaintiffs allege that they and each of the members of the Settlement Class were injured as a result of TK Holdings, Inc.'s ("TKH") participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Occupant Safety Restraint Systems (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in the Automobile Dealership Plaintiffs' Second Consolidated Class Action Complaint filed in the Action (the "Complaint");

WHEREAS, TKH denied Automobile Dealership Plaintiffs' allegations and asserted defenses to the Automobile Dealership Plaintiffs' claims set forth in the Complaint;

WHEREAS, on June 25, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on July 7, 2017, the Debtors filed their *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and Local Rules 2002-1(e), 3001-1, and 3003-1 for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [D.I. 171] (the "Bar Date Motion");

WHEREAS, on October 4, 2017, the Bankruptcy Court (as defined below) granted the Bar Date Motion and entered an *Order For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III)*

*Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [D.I. 959] (the "Bar Date Order");

WHEREAS, pursuant to the Bar Date Order, November 27, 2017, was established as the General Bar Date;

WHEREAS, on November 27, 2017, Automobile Dealership Plaintiffs timely filed a proof of claim that was denoted by the Debtors' claims agent as Claim No. 3558 ("Claim No. 3558"), and that purported to be a claim filed on behalf of themselves and the Settlement Class; and

WHEREAS, on February 21, 2018, the Bankruptcy Court entered an order [D.I. 2120] confirming the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings and its Affiliated Debtors* [D.I. 2116] (the "Plan");

WHEREAS, the Plan became effective on April 10, 2018 [D.I. 2646];

WHEREAS, after the Plan became effective, the Trust was established for the purpose of reconciling certain claims, administering the trust assets and making distributions to the trust beneficiaries, all as provided for under the Plan;

WHEREAS, Settlement Class Counsel (as defined below) and counsel for the Trustee have engaged in arm's-length settlement negotiations, and this Agreement is the result of those negotiations;

WHEREAS, Automobile Dealership Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against TKH and the Trust, according to the terms set forth in this Agreement, is in the best interests of Automobile Dealership Plaintiffs and the

Settlement Class because of the payment of the Settlement Amount (as that term is defined below) that the Trustee has agreed to provide pursuant to this Agreement; and

WHEREAS, the Trust, despite its belief that it has no liability for the claims asserted and that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid the expense, inconvenience, distraction, and risk of protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement for the benefit of its stakeholders, and to finally resolve all claims that have been or could have been asserted by any Settlement Class Member (as defined below) against TKH or the Trust based on the claims and allegations in the Action, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that Claim No. 3558 be hereby resolved and that the Action be settled, compromised, and dismissed with prejudice as to the Releasees and except as hereafter provided, without costs to Automobile Dealership Plaintiffs, the Settlement Class, TKH or the Trust, subject to the approval of the United States Bankruptcy Court for the District of Delaware overseeing the above-captioned bankruptcy cases (the "Bankruptcy Court"), and the United States District Court for the Eastern District of Michigan overseeing the Action (the "District Court").

A.     Definitions

1.     "Automobile Dealership" or "Dealer" means an entity or person authorized to engage in the business of selling and / or leasing Vehicles at retail in the United States.

2.     "Automobile Dealership Plaintiffs" means those Settlement Class Members, as defined in Paragraph 14 below, who are named plaintiffs in the Complaint.

3.    "<u>Defendant</u>" means any party named as a defendant in the Action at any time up
to and including the date when the District Court has entered a final approval order certifying the
Settlement Class described below and approving this Agreement under Federal Rule of Civil
Procedure ("<u>Rule</u>") 23(e).

4.    "<u>Document</u>" is defined to be synonymous in meaning and equal in scope to the
usage of this term in Rule 34(a), including without limitation, electronically stored information.
A draft or non-identical copy is a separate Document within the meaning of this term.

5.    "<u>Indirect Purchaser States</u>" means Arizona, Arkansas, California, District of
Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota,
Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North
Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont,
West Virginia, and Wisconsin.

6.    "<u>Occupant Safety Restraint Systems</u>" shall have the meaning set forth in
Paragraph 2 of the Complaint.

7.    "<u>Opt-Out Deadline</u>" means the deadline set by the District Court for the timely
submission of requests by Settlement Class Members to be excluded from the Settlement Class.

8.    "<u>Released Claims</u>" means the claims described in Paragraphs 24 and 25.

9.    "<u>Releasees</u>" shall refer to (i) TKH; (ii) the Trust; and (iii) each of TKH and the
Trust's respective present and former principals, partners, officers, directors, supervisors,
employees, agents, members, representatives, insurers, attorneys, heirs, executors,
administrators, and assigns (including but not limited to the Trustee, the Trustee's
representatives, attorneys, and financial advisors, and the Trust's Claims Oversight Committee

and its individual members), each solely in their capacity as such. "Releasees" does not include Takata Corporation or any other defendant in the MDL Litigation other than TKH.

10.     "Releasors" shall refer to Automobile Dealership Plaintiffs and each of the Settlement Class Members, as defined herein, and their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing, each solely in their capacity as such.

11.     "Settlement Amount" shall refer to all monies received by Automobile Dealership Plaintiffs in connection with the treatment of Claim No. 3558 as a general unsecured, non-priority claim in the amount of $16,800,000 under the Plan in the above-captioned Bankruptcy cases as set forth in Paragraph 19 of this Agreement.  The "Settlement Fund" shall be the Settlement Amount plus any income or accrued interest that may be earned on that amount after distributions are made by the Trust for the benefit of the Settlement Class.

12.     For purposes of this Agreement, the "Settlement Class" is defined as:

> All Automobile Dealerships that, from January 1, 2003 through the Execution Date, (a) indirectly purchased Occupant Safety Restraint Systems manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant, or (b) purchased Vehicles for resale that contained Occupant Safety Restraint Systems manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.

13.     "Settlement Class Counsel" shall refer to the law firms of:

BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095
CUNEO GILBERT & LaDUCA, LLP
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016

LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

14.     "Settlement Class Member" means each member of the Settlement Class who has

not timely elected to be excluded from the Settlement Class.

15.     "Vehicles" shall refer to new four-wheeled passenger automobiles, vans, sports

utility vehicles, and crossover or pick-up trucks.

B.      Approval of this Agreement and Dismissal of Claims Against TKH

16.     Automobile Dealership Plaintiffs and the Trust shall use their best efforts to

effectuate this Agreement, including cooperating in seeking the District Court's approval for the

establishment of procedures (including the giving of class notice under Rules 23(c) and (e)) to

secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

17.     No later than thirty (30) days after any order entered by the Bankruptcy Court

granting the Rule 9019 Motion (as defined below) has become a final, non-appealable order

which is not subject to a pending appeal. Automobile Dealership Plaintiffs shall submit to the

District Court a motion seeking preliminary approval of this Agreement ("Preliminary Approval

Motion"). The Preliminary Approval Motion shall include (i) the proposed form of an order

preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment

that shall include at least the District Court Relief (as defined below).

18.     Automobile Dealership Plaintiffs, at a time to be decided in their sole discretion, shall submit to the District Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by Automobile Dealership Plaintiffs ("Notice Motion"). To mitigate the costs of notice, Automobile Dealership Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

C.      Treatment of Claim No. 3558

19.     Subject to the provisions hereof, upon the Effective Date (as defined herein), Claim No. 3558 shall be allowed as a general unsecured, non-priority claim in the amount of $16,800,000.

20.     The Trust shall make distributions with respect to Claim No. 3558 at the same time and in the same manner as distributions are made to other holders of allowed Class 6 claims under the Plan.

D.      Bankruptcy Court Approval

21.     As soon as practicable after the execution of this Agreement, the Trust shall file a motion pursuant to Rule 9019 (the "Rule 9019 Motion") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for Bankruptcy Court approval of this Agreement. Settlement Class Counsel shall be responsible for providing whatever evidence or other proof is reasonably necessary to demonstrate to the Bankruptcy Court that the Settlement Class should be certified for settlement purposes under Bankruptcy Rule 7023.

E.      District Court Approval

22.     Automobile Dealership Plaintiffs shall, at their own cost and expense, use their best efforts to obtain the District Court Relief described below.  Towards that end, Automobile

8

18.     Automobile Dealership Plaintiffs, at a time to be decided in their sole discretion, shall submit to the District Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by Automobile Dealership Plaintiffs ("Notice Motion"). To mitigate the costs of notice, Automobile Dealership Plaintiffs shall endeavor, if practicable, to disseminate notice of this settlement with notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

C.     Treatment of Claim No. 3558

19.     Subject to the provisions hereof, upon the Effective Date (as defined herein), Claim No. 3558 shall be allowed as a general unsecured, non-priority claim in the amount of $16,800,000.

20.     The Trust shall make distributions with respect to Claim No. 3558 at the same time and in the same manner as distributions are made to other holders of allowed Class 6 claims under the Plan.

D.     Bankruptcy Court Approval

21.     As soon as practicable after the execution of this Agreement, the Trust shall file a motion pursuant to Rule 9019 (the "Rule 9019 Motion") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for Bankruptcy Court approval of this Agreement. Settlement Class Counsel shall be responsible for providing whatever evidence or other proof is reasonably necessary to demonstrate to the Bankruptcy Court that the Settlement Class should be certified for settlement purposes under Bankruptcy Rule 7023.

E.     District Court Approval

22.     Automobile Dealership Plaintiffs shall, at their own cost and expense, use their best efforts to obtain the District Court Relief described below.  Towards that end, Automobile

Dealership Plaintiffs shall seek, and the Trust will not object unreasonably to, the entry of an order and final judgment in the Action that will include, at a minimum, the substance of the following provisions (collectively, the "District Court Relief"):

(a)      certifying the Settlement Class described above, pursuant to Rule 23, solely for purposes of this settlement as Settlement Class for the Action;

(b)      as to the Action, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c)      directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims;

(d)      as to TKH, directing that the Action be dismissed with prejudice and without costs;

(e)      providing that both the Bankruptcy Court and District Court shall have jurisdiction concerning the interpretation, administration, consummation and enforcement of this Agreement;

(f)      determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to TKH shall be final; and

(g)      providing that (i) the District Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including TKH, to contest certification of any other class proposed in the MDL Litigation, (ii) the District Court's findings in the order shall have no effect on the District Court's ruling on any motion to certify any class in the MDL Litigation or on the District Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the District Court's approval of the Settlement Class as

9

persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

23.     This Agreement shall become effective (the "<u>Effective Date</u>") when all of the following have occurred: (i) the Bankruptcy Court has entered a final order granting the Rule 9019 Motion; (ii) the District Court has entered a final approval order and judgment that contains at least all of the District Court Relief (the "<u>District Court Order and Judgment</u>"); and (iii) the time for appeal or to seek permission to appeal from the foregoing final orders and judgment has expired or, if appealed, the order granting the Rule 9019 Motion and the District Court Order and Judgment have been affirmed in their entirety by the court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending with respect thereto in any court.  It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times. On the date that Automobile Dealership Plaintiffs and the Trustee have executed this Agreement, Automobile Dealership Plaintiffs and Trustee shall be bound by its terms and this Agreement shall not be rescinded except as provided in this Agreement.

F.     <u>Release, Discharge, and Covenant Not To Sue</u>

24.     In addition to the effect of any final order or judgment entered in accordance with this Agreement, upon the Effective Date, and in consideration of payment of the Settlement Amount, as specified in Paragraph 19 of this Agreement, into the Settlement Fund, and in consideration of the allowance of Claim No. 3558 as set forth above, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively,

derivatively or in any other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the Complaint, and/or (ii) any act or omission of the Releasees (or any of them) concerning Occupant Safety Restraint Systems, including, but not limited to, any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaint filed in the Action ("Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Occupant Safety Restraint Systems; (2) any claims made by end payors that are indirect purchasers of Occupant Safety Restraint Systems; (3) any claims made by any State, State agency, or instrumentality or political subdivision of a State as to government purchases and/or penalties; (4) claims involving any negligence, personal injury, property damage, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Occupant Safety Restraint Systems; (5) claims concerning any automotive part other than Occupant Safety Restraint Systems; (6) claims under laws other than those of the United States relating to purchases of Occupant Safety Restraint Systems made by any Releasor outside of the United States; and (7) claims under federal law or the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is terminated or not finally approved.

25.     In addition, upon the Effective Date, the Releasors hereby expressly waive and release any and all provisions, rights, and benefits concerning Occupant Safety Restraint Systems conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

26.     Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Trust and Automobile Dealership Plaintiffs have agreed to release pursuant to this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

G.     Settlement Amount.

27.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, the Trust, shall pay or cause to be paid the Settlement Amount. The Settlement Amount shall be paid in U.S. dollars into one or more accounts designated in a writing provided by Settlement Class Counsel to the counsel for the Trust.   None of the Releasees shall have any contractual, legal, or equitable responsibility or obligation with respect

12

to any account designated by Settlement Class Counsel, any assets held therein or any payments
or distributions made therefrom.

28.    <u>Exclusions from the Settlement Class.</u>

Subject to District Court approval, any person or entity seeking exclusion from the
Settlement Class must file a written request for exclusion by the Opt-Out Deadline. Any
person or entity that files such a request shall be excluded from the Settlement Class and
shall have no rights with respect to this settlement. Subject to District Court approval, a
request for exclusion that does not comply with all of the provisions set forth in the
applicable class notice will be invalid, and the person(s) or entity(ies) serving such an
invalid request shall be deemed Settlement Class Member(s) and shall be bound by the
Settlement Agreement upon the Effective Date. Settlement Class Counsel shall, within ten
(10) business days of the Opt Out Deadline, provide the Trust with a list and copies of all opt
out requests it receives in the Action and shall file with the District Court a list of all
Settlement Class Members who timely and validly opted out of the settlement.

(a)    Subject to District Court Approval, any member of the Settlement Class
who submits a valid and timely request for exclusion from the Settlement Class will not be a
Settlement Class Member and shall not be bound by the terms of this Agreement. The Trust
reserves all of its legal and equitable rights and defenses, including, but not limited to, any
defenses relating to (i) whether any excluded member of the Settlement Class is an indirect
purchaser of Occupant Safety Restraint Systems or has standing to bring any claim against TKH,
or (ii) the expiration of the General Bar Date as provided for in the Bar Date Motion.

(b)    Subject to District Court Approval, in the written request for exclusion, the
member of the Settlement Class must state his, her, or its full name, street address, and telephone

number. Further, the member of the Settlement Class must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the Settlement Class. Any member of the Settlement Class that submits a written request for exclusion may also identify the number of Vehicles purchased from December 1, 2003 through the Execution Date of this Agreement as requested in the notice to the Settlement Class as provided in Paragraph 18.

(c)     The Trust or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the District Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

29.    Payment of Expenses

The Parties shall bear their own respective costs and expenses for all purposes, including but not limited to those incurred in connection with the negotiation and execution of this Agreement, the Rule 9019 Motion, and the Action, regardless of whether the Effective Date occurs. For the avoidance of doubt, none of the Releasees shall be liable for any of the costs or expenses of the litigation of the Action, including but not limited to attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the District Court or Special Master, appeals, trials, or the negotiation of other settlements, or for class administration and costs.

H.    The Settlement Fund

30.    After the Effective Date, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the District Court at the appropriate time by Settlement Class Counsel, subject to approval by the District Court. None of the Releasees shall have any financial, contractual, legal or equitable responsibility, obligation, or liability whatsoever with

respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration.

31.     Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as may be provided by District Court Order.  None of the Releasees shall be liable for any costs, fees, or expenses of any of Automobile Dealership Plaintiffs or the Settlement Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the District Court shall be paid out of the Settlement Fund.

32.     Settlement Class Counsel's Attorneys' Fees, Reimbursement
        of Expenses, and Incentive Awards for Automobile Dealership Plaintiffs

(a)     Settlement Class Counsel may, at a time to be determined in its sole discretion after preliminary approval, submit an application or applications to the District Court ("Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid), as may be awarded by the District Court ("Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for District Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall any of the Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     Subject to District Court approval, Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation

expenses and incentive awards. Attorneys' fees and expenses awarded by the District Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to the terms of this Agreement.

(c)     The procedure for and the allowance or disallowance by the District Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund is not part of this Agreement, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate, cancel, amend or modify this Agreement, or affect the finality of the settlement.

(d)     None of the Releasees shall have any responsibility for, or interest in, or liability (whether legal or equitable) whatsoever with respect to any payment to Settlement Class Counsel and/or Automobile Dealership Plaintiffs of any Fee and Expense Award in the Action.

(e)     None of the Releasees shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation of the Settlement Fund among Settlement Class Counsel, Automobile Dealership Plaintiffs and/or any other person who may assert some claim thereto, or of any Fee and Expense Award that the District Court may make in the Action.

I.      Rescission If Final Orders And Judgments Are Not Entered

33.     If (a) the Bankruptcy Court does not grant the Rule 9019 Motion, *or* (b) the District Court does not enter the District Court Judgment; or (c) if the order granting the Rule 9019 Motion or the District Court Order or Judgment is modified in any material way or is set aside on appeal, then TKH and Automobile Dealership Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms set forth below. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the District Court from the Settlement Fund shall not be deemed a material modification of all or a part of the terms of this Agreement or such final judgment.

34.     If the Effective Date of this Agreement does not occur, or this Agreement otherwise is terminated pursuant to Paragraph 33, then this Agreement shall be of no force or effect. The Trust expressly reserves all rights and defenses if this Agreement does not become final.

35.     Further, and in any event, Automobile Dealership Plaintiffs and the Trust agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by TKH, or the other Releasees, to be used against TKH, or (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against TKH, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against TKH.

36.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

37.     The Parties to this Agreement contemplate and agree that, prior to final approval of the settlement by the District Court as provided for in Paragraphs 16-32 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the District Court will consider the approval of this Agreement, will be given to the Settlement Class.

J.     Miscellaneous

38.     The Trust shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

39.     This Agreement does not settle or compromise any claim by the Automobile Dealership Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than TKH. All rights against such other Defendants or alleged co-conspirators are specifically reserved by the Automobile Dealership Plaintiffs and the Settlement Class.  All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than TKH and other Releasees, for sales made by TKH and TKH's alleged illegal conduct are specifically reserved by Automobile Dealership Plaintiffs and Settlement Class Members.  TKH's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than TKH and the other Releasees.

40.     This Agreement shall be governed by and interpreted according to the substantive laws of the State of Michigan without regard to its choice of law or conflict of law principles.

41.     This Agreement constitutes the entire, complete and integrated agreement between Automobile Dealership Plaintiffs and the Trust pertaining to the resolution of Claim No. 3558 and the settlement of the Action against TKH, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Automobile Dealership Plaintiffs and the Trust in connection herewith.   This Agreement may not be modified or amended except in writing executed by Automobile Dealership Plaintiffs and the Trust, and approved by both the Bankruptcy Court and the District Court.

42.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Automobile Dealership Plaintiffs and the Trust. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Automobile Dealership Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than the Trust which is a party hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

43.     This Agreement may be executed in counterparts by Automobile Dealership Plaintiffs and the Trust, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

44.     Neither Automobile Dealership Plaintiffs nor the Trust shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

45.     Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice,

communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

46.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to the approval of the Bankruptcy Court and District Court.

*[signature pages follow]*

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TK HOLDINGS INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11375 (BLS)<br>Jointly Administered |

## STIPULATION AND SETTLEMENT AGREEMENT RESOLVING PROOF OF CLAIM NO. 3558

This Stipulation and Settlement Agreement ("Agreement") is made and entered into this 27th day of November 2018 ("Execution Date") by and between Joseph J. Farnan, Jr., solely as Trustee (the "Trustee") of the Reorganized TK Holdings Trust (the "Trust"), and Automobile Dealership Plaintiffs ("Automobile Dealership Plaintiffs" and together with the Trust, the "Parties"), both individually and on behalf of a class of indirect purchasers of Occupant Safety Restraint Systems ("Settlement Class"), as more particularly defined in Paragraph 12 below.

## RECITALS

WHEREAS, Automobile Dealership Plaintiffs are prosecuting the cases *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (E.D. Mich.) (the "MDL Litigation") and Case No. 2:12-cv-00602 (E.D. Mich.) (the "Action") on their own behalf and on behalf of the Settlement Class;

---

[1] The debtors in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

WHEREAS, Automobile Dealership Plaintiffs allege that they and each of the members of the Settlement Class were injured as a result of TK Holdings, Inc.'s ("TKH") participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for Occupant Safety Restraint Systems (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in the Automobile Dealership Plaintiffs' Second Consolidated Class Action Complaint filed in the Action (the "Complaint");

WHEREAS, TKH denied Automobile Dealership Plaintiffs' allegations and asserted defenses to the Automobile Dealership Plaintiffs' claims set forth in the Complaint;

WHEREAS, on June 25, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on July 7, 2017, the Debtors filed their *Motion of Debtors Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. R. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and Local Rules 2002-1(e), 3001-1, and 3003-1 for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [D.I. 171] (the "Bar Date Motion");

WHEREAS, on October 4, 2017, the Bankruptcy Court (as defined below) granted the Bar Date Motion and entered an *Order For Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice Thereof, and (III)*

*Approve Procedures for Providing Notice of Bar Date and Other Important Deadlines and Information to Potential PSAN Inflator Claimants* [D.I. 959] (the "Bar Date Order");

WHEREAS, pursuant to the Bar Date Order, November 27, 2017, was established as the General Bar Date;

WHEREAS, on November 27, 2017, Automobile Dealership Plaintiffs timely filed a proof of claim that was denoted by the Debtors' claims agent as Claim No. 3558 ("Claim No. 3558"), and that purported to be a claim filed on behalf of themselves and the Settlement Class; and

WHEREAS, on February 21, 2018, the Bankruptcy Court entered an order [D.I. 2120] confirming the *Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings and its Affiliated Debtors* [D.I. 2116] (the "Plan");

WHEREAS, the Plan became effective on April 10, 2018 [D.I. 2646];

WHEREAS, after the Plan became effective, the Trust was established for the purpose of reconciling certain claims, administering the trust assets and making distributions to the trust beneficiaries, all as provided for under the Plan;

WHEREAS, Settlement Class Counsel (as defined below) and counsel for the Trustee have engaged in arm's-length settlement negotiations, and this Agreement is the result of those negotiations;

WHEREAS, Automobile Dealership Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims against TKH and the Trust, according to the terms set forth in this Agreement, is in the best interests of Automobile Dealership Plaintiffs and the

communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

46.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to the approval of the Bankruptcy Court and District Court.

*[signature pages follow]*

Dated: November __, 2018

Don Barrett
David McMullan
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488

Jonathan W. Cuneo
Joel Davidow
Jennifer E. Kelly
Yifei Li
**CUNEO GILBERT & LaDUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
Telephone: (202)789-3960

Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500

*Interim Co-Lead Class Counsel and Settlement*
*Class Counsel for Automobile Dealership Plaintiffs*

20

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
John A. Morris (NY Bar No. 2405397)
Peter J. Keane (Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
ljones@pszjlaw.com
dbertenthal@pszjlaw.com
jmorris@pszjlaw.com
pkeane@pszjlaw.com

*Attorneys for the Trustee of the Reorganized TK
Holdings Trust*