IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION<br><br>In re: Occupant Safety Restraint Systems<br><br><br>THIS DOCUMENT RELATES TO:<br><br>Automobile Dealership Actions | Master File No. 2:12-md-02311<br>Hon. Marianne O. Battani<br><br>Case No. 2:12-cv-00602 |

**ORDER GRANTING DEALERSHIP PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED SETTLEMENT WITH TRUSTEE OF
THE REORGANIZED TK HOLDINGS TRUST
AND  PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS**

Upon consideration of Automobile Dealer Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with litigation with Joseph J. Farnan, Jr., solely as Trustee of the Reorganized TK Holdings Trust (the "Trust") and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

**Preliminary Approval of Settlement Agreement**

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of

1

the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

## Class Certification

3.  Pursuant to Federal Rule of Civil Procedure ("Rule") 23, and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All Automobile Dealerships that, from January 1, 2003 through November 27, 2018, (a) indirectly purchased Occupant Safety Restraint Systems manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant, or (b) purchased Vehicles for resale that contained Occupant Safety Restraint Systems which were manufactured or sold by a Defendant, any current or former subsidiary of a Defendant, or any co-conspirator of a Defendant. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

4.  The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) Dealership Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Dealership Plaintiffs and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Dealership Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

## Appointment of Settlement Class Counsel

5. The Court hereby appoints Cuneo Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson King, LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

6. Each Dealership Plaintiff class representative named in the most current Complaint in the above case will serve as Dealership Plaintiff class representative on behalf of the Settlement Class.

## Notice to Potential Class Members

7. Prior to the Fairness Hearing, Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to potential class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission by Dealership Plaintiffs at a later date of a proposal for notice to the Settlement Class and related forms for notice, claims and distribution ("Notice Motion").

8. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice and the date on which the notice is mailed shall be the "Notice Date."

## Other Provisions

9. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Dealership Plaintiffs, the Trust, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions within 12-md-002311. The Court's findings in this

Order shall have no effect on the Court's ruling on any motion to certify any class in the coordinated actions within 12-md-002311 or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

Dated: September 24, 2019
        s/Marianne O. Battani
        HON. MARIANNE O. BATTANI
        U.S. DISTRICT JUDGE