# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Sean F. Cox |
| In re: Occupant Safety Restraint Systems | Case No. 2:12-cv-00602 |

THIS DOCUMENT RELATES TO:

Automobile Dealership Actions

**AMENDED FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN DEALERSHIP PLAINTIFFS AND TRUSTEE OF THE REORGANIZED TK HOLDINGS TRUST**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between Dealership Plaintiffs ("Plaintiffs") and Joseph J. Farnan, Jr., solely as Trustee of the Reorganized TK Holdings Trust (the "Trust") set forth in the Settlement Agreement ("Agreement"), dated November 27, 2018 relating to the above-captioned action (the "Action"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed, has determined (1) that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Agreement (the "Final Judgment"). Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

1

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court, Cuneo, Gilbert & LaDuca, LLP, Barrett Law Group, P.A., and Larson • King LLP, are appointed as Counsel for the Occupant Safety Restraint Systems Settlement Class ("Settlement Class"). These firms have, and will, fairly and competently represent the interests of the Settlement Class.

3. The Court has jurisdiction over the settlement and the subject matter of this litigation, over all actions within this litigation, and over the parties to the Agreement, including all members of the Settlement Class.

4. Plaintiffs, having filed complaints in the Actions alleging that Takata Holdings, Inc. ("TKH") conspired to rig bids, allocate markets, and fix prices for Occupant Safety Restraint Systems, and TKH, having denied Plaintiffs' allegations and representing it would have asserted defenses thereto, have entered into the Agreement to settle the Action to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Agreement, and to put to rest with finality all claims that have been or could have been asserted against Releasees (as defined in the Agreement). Pursuant to the Agreement, the Trust has agreed to provide specified monetary compensation to Plaintiffs.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against TKH with Plaintiffs and the Trust to bear their own costs and attorneys' fees except as provided herein or in the Agreement.

7. All Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims. All entities who are Releasors (as defined in the Agreement) or who purport to

assert claims on behalf of Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly in an individual or representative or derivative capacity, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Trust and TKH are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Class of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Final Judgment in any way, the Court hereby retains jurisdiction over: (a) the enforcement of this Final Judgment; (b) the enforcement of the Agreement and over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, that cannot be resolved by negotiation and agreement by Dealership Plaintiffs and the Trust; (c) any application for distribution of funds, attorneys' fees or reimbursement of costs and expenses made by Dealership Plaintiffs' Counsel; (d) any application for

incentive awards for the Dealership Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Class members.

12. No Automobile Dealer timely and validly requested exclusion from the Settlement Class.

13. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

14. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Final Judgment shall have no effect on the Court's ruling on any motion to certify any class in any case within the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any class.

15. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Dated:  June 19, 2020                              s/Sean F. Cox
                                                   SEAN F. COX
                                                   U.S. DISTRICT JUDGE